## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DR. FREDERICK JOSEPH LANNAK, | : |
| Plaintiff, | : |
| | : Civil Action No. 06-467 |
| v. | : |
| | : |
| SEARS HARDWARE STORE, | : |
| | : |
| Defendant. | : |

---

## BRIEF OF DEFENDANT SEARS, ROEBUCK AND CO.
## IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

William M. Kelleher (I.D. No. 3961)
Ballard Spahr Andrews & Ingersoll, LLP
919 Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466

Attorneys for Defendant
Sears, Roebuck and Co.

OF COUNSEL:
Daniel V. Johns
Katharine A. Crawford
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

## TABLE OF CONTENTS

I.      NATURE AND STAGE OF PROCEEDINGS ................................................................ 1

II.     SUMMARY OF ARGUMENT ......................................................................................... 1

III.    STATEMENT OF THE FACTS ..................................................................................... 1

IV.    ARGUMENT ..................................................................................................................... 2

     A.      Standard of Review ................................................................................................ 2

     B.      The Complaint Should Be Dismissed Because Plaintiff Failed To
            Exhaust His Administrative Remedies with Respect To His Claim Of
            Age Discrimination. .............................................................................................. 3

     C.      The Complaint Should Be Dismissed With Prejudice Because Plaintiff
            Fails To State A Claim Of Age Discrimination. ................................................. 4

V.      CONCLUSION ................................................................................................................. 5

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Chalawsky v. Sun Refining and Marketing Co., Inc.*, 733 F. Supp. 791 (D. Del. 1990) .................4

*Miree v. DeKalb County, Ga.*, 433 U.S. 25 (1977)...........................................................................2

*Morse v. Lower Merion Sch. District*, 132 F.3d 902 (3d Cir. 1997)...........................................2, 3

*Oscar Mayer & Co. v. Myers*, 441 U.S. 750 (1979) ........................................................................3

*Robinson v. Dalton*, 107 F.3d 1018 (3d Cir. 1997)..........................................................................3

## DOCKETED CASES

*Lannak v. Biden*, Civil Action No. 06-180 (D. Del) .........................................................................2

## FEDERAL STATUTES

29 U.S.C. § 626(d) .............................................................................................................................3

29 U.S.C. § 633(b) .............................................................................................................................3

## I.     NATURE AND STAGE OF PROCEEDINGS

The plaintiff in this action, Dr. Frederick Joseph Lannak, proceeding *pro se*, has

sued his former employer, Sears, Roebuck and Co. ("Sears") (improperly named Sears Hardware

Store in the Complaint).  Alleging age discrimination, plaintiff purports to bring a claim under 29

U.S.C. § 621 et seq, the Age Discrimination in Employment Act ("ADEA").  Sears removed this

case to federal court on July 31, 2006.  As set forth in detail below, plaintiff's age discrimination

claim is deficient as a matter of law and should be dismissed.

## II.    SUMMARY OF ARGUMENT

Plaintiff's Complaint should be dismissed with prejudice for failure to state a

claim for which relief may be granted.  Plaintiff's claim is not viable because: (1) plaintiff failed

to exhaust his administrative remedies before bringing a claim under the ADEA; and (2) plaintiff

failed to properly state a claim for age discrimination.

## III.   STATEMENT OF THE FACTS

Plaintiff filed the instant lawsuit with the Superior Court of the State of Delaware

in and for New Castle County on or about July 7, 2006.  Sears was served with the Complaint on

July 11, 2006 and timely removed the case to this Court on July 31, 2006.  The Complaint baldly

alleges that plaintiff was terminated "because of his age" in violation of the ADEA.[1]  (See

Complaint at ¶¶ 2, 4).  According to the Complaint, Plaintiff was a part-time employee of Sears

for approximately four and a half years and was terminated on January 18, 2006. (Complaint at

¶ 3).  Plaintiff did not assert anywhere in his Complaint that he filed a charge of age

discrimination with the Delaware Department of Labor ("DDOL") or the Equal Employment

Opportunity Commission ("EEOC").

---

[1]     According to the Complaint, plaintiff is 73 years of age.  (Complaint at ¶ 1).

To support his age discrimination claim, plaintiff alleges only that the decision to terminate his employment was made at "full-time employee meetings" that he, as a part-time employee, was not allowed to attend. (Complaint at ¶ 4). Plaintiff asserts that Sears used these full-time meetings to "compile [d]iscriminating gossip about how the Plaintiff's age of 73 makes it impossible for the Plaintiff to complete an honest days work." (Complaint). Plaintiff further explains that his claim for age discrimination is based solely upon his belief that he was terminated by Sears because Sears did not approve of plaintiff asking people to help him with his "Equilibrium Scoliosis" Research and that Sears conspired to stop him from using this purported research to assist people throughout the United States.[2] (Complaint).

Sears now moves for dismissal of the Complaint because plaintiff failed to exhaust his administrative remedies and failed to state a proper claim of age discrimination.

## IV.    ARGUMENT

### A.    Standard of Review

A complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) if it appears certain that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). In considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977).

---

[2]    Plaintiff also recently brought a similar claim against Senators Biden and Carper, as well as Representative Castle, asserting a violation of the Age Discrimination Act of 1975 based upon a purported refusal to give Health and Human Services written permission to "analyze, diagnose and prove" plaintiff's scoliosis research. See Lannak v. Biden, Civil Action No. 06-180 (D. Del).

The Court does not have to accept legal conclusions or unwarranted factual inferences as true.
See Morse, 132 F.3d at 906.

## B. The Complaint Should Be Dismissed Because Plaintiff Failed To Exhaust His Administrative Remedies with Respect To His Claim Of Age Discrimination.

To assert an ADEA claim, a plaintiff must comply with the filing requirements set
forth in 29 U.S.C. §§ 626(d) and 633(b). Under those provisions, a plaintiff in a deferral state
such as Delaware may bring an age discrimination action only after commencing a charge with
the EEOC and/or the appropriate state administrative agency.[3]  29 U.S.C. §§ 626(d), 633(b); see
also Oscar Mayer & Co. v. Myers, 441 U.S. 750, 758 (1979) ("We therefore hold that under
§ 14(b) of the ADEA [29 U.S.C. § 633(b)], resort to administrative remedies in deferral States by
individual claimants is mandatory, not optional."). The purpose of this requirement is to "screen
from the federal courts those discrimination complaints that might be settled to the satisfaction of
the grievant in state proceedings." Id. at 756. This purpose would be defeated if a plaintiff were
allowed to litigate a claim of age discrimination without at least giving the state agency the
opportunity to resolve such claims of discrimination. See id. at 755-757.

The Court may rule on a motion to dismiss for failure to exhaust administrative
remedies when it is clear on the face of the pleadings that administrative remedies have not been
exhausted. See Robinson v. Dalton, 107 F.3d 1018,1021 (3d Cir. 1997). Here, plaintiff does not
allege anywhere in his Complaint that he filed a charge of discrimination with the EEOC or the
DDOL, alleging discrimination on the basis of age or any other basis. (See Complaint).

---

[3]     Unlike Title VII, the ADEA permits concurrent state and federal administrative
jurisdiction "in order to expedite the processing of age-discrimination claims." Oscar
Mayer & Co. v. Myers, 441 U.S. 750, 757 (1979).

Plaintiff's age discrimination claim, therefore, fails as a matter of law because plaintiff did not exhaust his requisite administrative remedies.

**C.    The Complaint Should Be Dismissed With Prejudice Because Plaintiff Fails To State A Claim Of Age Discrimination.**

Under the ADEA, a plaintiff must allege four elements to establish his prima facie case of age discrimination: (1) he is over 40 years of age; (2) he is qualified for the position in question; (3) he suffered an adverse employment action; and (4) he ultimately was replaced by a person "sufficiently younger to permit an inference of age discrimination." See Chalawsky v. Sun Refining and Marketing Co., Inc., 733 F. Supp 791, 794 (D. Del. 1990). On the face of his Complaint, plaintiff has asserted only that he is 73 years old and was terminated by Sears. Indeed, rather than set forth the elements of a prima facie case of age discrimination in his Complaint, Plaintiff instead asserts that his claim is based upon a purported conspiracy on the part of Sears to prevent him from further pursuing "Equilibrium Scoliosis" Research. Because engaging in such research has nothing to do with Plaintiff's age and has no protection under the ADEA, Plaintiff's age discrimination claim fails as a matter of law and the Complaint should be dismissed.

## V.    CONCLUSION

For the foregoing reasons, defendant Sears, Roebuck and Co. respectfully

requests that the Court dismiss the claims asserted against it for failure to state a claim upon

which relief can be granted.

Respectfully submitted,

Date:  August 7, 2006

William M. Kelleher (I.D. No. 3961)
Ballard Spahr Andrews & Ingersoll, LLP
919 Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466

Attorneys for Defendant
Sears, Roebuck and Co.

OF COUNSEL:
Daniel V. Johns
Katharine A. Crawford
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone:  (215) 665-8500
Facsimile:  (215) 864-8999

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DR. FREDERICK JOSEPH LANNAK,          :
                                      :
                    Plaintiff,        :
                                      :      Civil Action No. 06-467
            v.                        :
                                      :
SEARS HARDWARE STORE,                 :
                                      :
                    Defendant.        :
                                      :

### CERTIFICATE OF SERVICE

I, William M. Kelleher, do hereby certify that I have caused two copies of

the foregoing Motion of Defendant Sears, Roebuck and Co. To Dismiss Plaintiff's

Complaint to be served on plaintiff via first-class mail, postage prepaid, at the following

address:

> Dr. Frederick Joseph Lannak
> 126D Chestnut Crossing Drive
> Newark, DE  19713

Dated: August 7, 2006

William M. Kelleher (I.D. No. 3961)

DMEAST #9574458 v1