IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DR. FREDERICK JOSEPH LANNAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-467 (GMS) |
| v. | ) |
| | ) |
| SEARS HARDWARE STORE, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

     WHEREAS the plaintiff ("Dr. Lannak") filed the above-captioned action against his former employer Sears, Roebuck and Co. (named Sears Hardware Store in the complaint)(hereinafter, "Sears") on July 7, 2006 with the Superior Court of Delaware (D.I. 1, Ex. A);

     WHEREAS on July 31, 2006, Sears removed the above-captioned matter from the Superior Court of Delaware to this court, pursuant to 28 U.S.C. § 1441 and § 1446 (D.I. 1);

     WHEREAS Dr. Lannak's complaint alleges that Sears violated the Age Discrimination in Employment Act ("ADEA") by terminating him because of his age (D.I. 1, Ex. A);

     WHEREAS on August 7, 2006, Sears moved to dismiss Dr. Lannak's complaint under Federal Rule of Civil Procedure 12(b)(6), and for failure to exhaust administrative remedies under 29 U.S.C. § 633(b) of the ADEA (D.I. 6);

     WHEREAS a complaint is properly dismissed under Rule 12(b)(6) if, after accepting as true all of the allegations of the complaint, the plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957);

     WHEREAS a prerequisite for filing an ADEA claim is that a plaintiff must first exhaust his administrative remedies with the Equal Employment Opportunity Commission ("EEOC") or the appropriate state administrative agency.  29 U.S.C. §§ 626(d), 633(b); *see also Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 758 (1979);

     WHEREAS Dr. Lannak's complaint does not indicate that he filed a charge of age discrimination with the EEOC or the Delaware Department of Labor ("DDOL") (D.I. 1, Ex. A);

WHEREAS under the ADEA, a plaintiff must allege four elements to establish a *prima facie* case of age discrimination: (1) he belongs to a protected class (i.e. he is over 40 years of age), (2) he was qualified for the position, (3) he was dismissed despite being qualified, and (4) he ultimately was replaced by a person "sufficiently younger to permit an inference of age discrimination." *See Chalawsky v. Sun Refining and Marketing Co., Inc.,* 733 F. Supp. 791, 794 (D. Del. 1990);

WHEREAS the face of the complaint shows that Dr. Lannak only alleges two out of four of the required elements, that is, he is 73 years old and was terminated by Sears;

WHEREAS Dr. Lannak's complaint also alleges that Sears terminated his employment to prevent him from further pursuing "Equilibrium Scoliosis" Research; and

WHEREAS Dr. Lannak's failure to exhaust his administrative remedies and his failure to state a cognizable claim for age discrimination under the ADEA warrants dismissal of Dr. Lannak's complaint.

IT IS HEREBY ORDERED that:

1. Defendant Sears, Roebuck and Co.'s Motion to Dismiss (D.I. 5) is GRANTED.
2. Dr. Frederick Joseph Lannak's complaint (D.I. 1, Ex. A) is DISMISSED, without prejudice.

Dated: March 28, 2007                                                /s/ Gregory M. Sleet
                                                                                          UNITED STATES DISTRICT JUDGE